1

2

3

4

5

6

7

8                          **UNITED STATES DISTRICT COURT**

9                          **EASTERN DISTRICT OF CALIFORNIA**

10

11  PATTY LYNN MARTIN,                    )  Case No.: 1:16-cv-01676- JLT
                                          )
12          Plaintiff,                    )  ORDER GRANTING COUNSEL'S MOTION
                                          )  FOR ATTORNEY FEES PURSUANT TO
13      v.                                )  42 U.S.C. § 406(b)
                                          )
14  ANDREW M. SAUL[1],                    )  (Doc. 24)
    Commissioner of Social Security,      )
15                                        )
            Defendant.                    )
16

17          Young Cho, counsel for Plaintiff Patty Lynn Martin, seeks an award of attorney fees pursuant to

18  42 U.S.C. § 406(b). (Doc. 24) Neither Plaintiff nor the Commissioner of Social Security oppose the

19  motion.[2]  For the following reasons, the motion for attorney fees is **GRANTED**.

20  **I.      Relevant Background**

21          Plaintiff entered into a contingent fee agreement with the Law Offices of Lawrence D. Rohlfing

22  on October 20, 2016.  (Doc. 24-1)  The agreement entitled counsel to an award of "25% of the backpay

23  awarded" if judicial review of an administrative decision was required, and the adverse decision of an

24  ALJ was reversed. (*Id.* at 1) The agreement also required counsel to "seek compensation under the

25  Equal Access to Justice Act," and the amount awarded would be credited to Plaintiff "for fees

26  _____

27      [1] This action was originally brought against Carolyn W. Colvin in her capacity as then-Acting Commissioner.
    Andrew M. Saul, the newly appointed Commissioner, has been automatically substituted as the defendant in this action.
    *See* Fed. R. Civ. P. 25(d).
28      [2] The Commissioner filed a response to the motion, in which he offered an "analysis of the requested fees" but
    asserted he was "not in a position to either assent to or object to the §406(b) fees that Counsel seeks." (Doc. 28 at 2)

                                              1

1  otherwise payable for court work." (*Id.*)

2       On November 3, 2016, Plaintiff filed a complaint for review of the administrative decision

3  denying her application for Social Security benefits.  (Doc. 1) The Court determined the ALJ erred in

4  evaluating the medical record and remanded the matter for further proceedings pursuant to sentence

5  four of 42 U.S.C. § 405(g).  (Doc. 20 at 10-14) Following the entry of judgment in favor of Plaintiff

6  (Doc. 21), the Court awarded $4,000 in attorney fees pursuant to the Equal Access to Justice Act.

7  (Doc. 23 at 1)

8       Upon remand, an ALJ issued a "fully favorable decision," finding Plaintiff was disabled

9  beginning August 26, 2011.  (Doc. 24-2 at 1, 7)  On April 20, 2019, the Social Security Administration

10 concluded Plaintiff was entitled to monthly benefits from Social Security beginning July 2012. (Doc.

11 24-3 at 1)  In total, Plaintiff was entitled to $54,726.00 in past-due benefits, out of which the

12 Commissioner withheld $6,000.00 for payment of attorney's fees.  (*Id.* at 2-3)

13      Mr. Cho filed the motion now before the Court on September 16, 2019, seeking fees in the

14 amount of $7,681.00.  (Doc. 24)  Mr. Cho served Plaintiff with the motion and informed of her of the

15 right to file a response to indicate whether she agreed or disagreed with the requested fees. (*Id*. at 2, 11)

16 Plaintiff has not opposed the motion.

17 **II.      Attorney Fees under § 406(b)**

18      An attorney may seek an award of fees for representation of a Social Security claimant who is

19 awarded benefits:

20      Whenever a court renders a judgment favorable to a claimant under [42 USC § 401, *et
        seq*] who was represented before the court by an attorney, the court may determine
21      and allow as part of its judgment a reasonable fee for such representation, not in
        excess of 25 percent of the total of the past-due benefits to which the claimant is
22      entitled by reason of such judgment. . . .

23 42 U.S.C. § 406(b)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002) (Section 406(b)

24 controls fees awarded for representation of Social Security claimants).

25      A contingency fee agreement is unenforceable if it provides for fees exceeding the statutory

26 amount. *Gisbrecht*, 535 U.S. at 807 ("Congress has provided one boundary line: Agreements are

27 unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits.").

28 ///

2

## III. Discussion and Analysis

District courts "have been deferential to the terms of contingency fee contracts § 406(b) cases." *Hern v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003). However, the Court must review contingent-fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. In doing so, the Court should consider "the character of the representation and the results the representative achieved." *Id.* at 808. In addition, the Court should consider whether the attorney performed in a substandard manner or engaged in dilatory conduct or excessive delays, and whether the fees are "excessively large in relation to the benefits received." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc).

Plaintiff entered into the contingent fee agreement in which she agreed to pay twenty-five percent of any awarded past-due benefits. The Law Offices of Lawrence D. Rohlfing accepted the risk of loss in the representation and expended a total of 23.5 hours while representing Plaintiff before the District Court. (Doc. 24 at 3; Doc. 24-4 at 1-2) Due to counsel's work, the action was remanded further proceedings, and Plaintiff received a fully favorable decision. For this, Mr. Cho requests a fee of $7,681.00. (Doc. 32 at 3) Because $4,000 was paid under the EAJA, the net cost to Plaintiff is $3,681. Finally, though served with the motion and informed of the right to oppose the fee request (Doc. 24 at 2, 11), Plaintiff did not file oppose the request and thereby indicates her implicit belief that the fee request is reasonable.

Significantly, there is no indication Mr. Cho performed in a substandard manner or engaged in severe dilatory conduct to the extent that a reduction in fees is warranted. Plaintiff was able to secure a remand for payment of benefits following her appeal, including an award of past-due benefits. Finally, the fees requested are approximately 14 percent of the past-due benefits, and do not exceed twenty-five percent maximum permitted under 42 U.S.C. §406(b).

## IV. Conclusion and Order

Based upon the tasks completed and results achieved following the remand for further proceedings, the Court finds the fees sought by Mr. Cho and the Law Offices of Lawrence D. Rohlfing are reasonable.

///

3

Accordingly, the Court **ORDERS**:

1. Counsel's motion for attorney fees pursuant to 24 U.S.C. §406(b) in the amount of $7,681.00 is **GRANTED**;

2. The Commissioner shall pay the amount directly to Counsel, the Law Offices of Lawrence D. Rohlfing; and

3. Counsel **SHALL** refund $4,000.00 to Plaintiff Patty Lynn Martin.

IT IS SO ORDERED.

Dated:   **September 30, 2019**          **/s/ Jennifer L. Thurston**
                                          UNITED STATES MAGISTRATE JUDGE